**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DANTE CRAIG**                                                                                          **PETITIONER**

                                 **v.**                                **CIVIL ACTION NO. 3:10CV-P440-C**

**CLARK TAYLOR, WARDEN**                                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

The petitioner, Dante Craig, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. His petition is currently before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the court will direct Craig to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 1995, following a plea of guilty, Craig was sentenced to thirty years' imprisonment for murder and wanton endangerment. Craig did not file a direct appeal. His petition indicates that he filed a state habeas corpus petition with the Oldham County Circuit Court on July 3, 2008, which was denied. Craig appealed the denial. On March 30, 2009, the Kentucky Supreme Court denied relief.

### II. ANALYSIS

Because Craig's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Because Craig's conviction became final prior to April 24, 1996, the one-year limitations period established by § 2244(d) extends from the effective date of the Act, which is April 24, 1996; the period is not measured from the date that the conviction became final. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Thus, Craig had until April 24, 1997, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Craig did not file his petition by April 2007, nor did he have any time-tolling collateral action pending during that time period.

Craig filed a collateral attack challenging his conviction in state court in July 2008. Filing a post-onviction motion does not re-tart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.").

To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments"; it "reduces the potential for delay on the road to finality[.]" (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

By the time Craig finally sought post-conviction relief from the Oldham Circuit Court in 2008, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this court appears time-barred and subject to summary dismissal.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida,* --U.S.--,130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Craig's petition does not make a showing as to either element.

Accordingly, based on the foregoing, it appears that Craig's § 2254 petition should be summarily dismissed by the court as barred by the applicable one-year statute of limitations. Before dismissing the action on this ground, however, the court will provide Craig with an opportunity to respond. *See Day v. McDonough*,

547 U.S. 198 (2006).

**WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this order, Craig must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations. Failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

The clerk of court is **DIRECTED** to mail the petitioner a copy of this memorandum opinion and order.

Signed on  August 9, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**