UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DANTE CRAIG**                                                                                  **PETITIONER**

                                              v.                                                       **CIVIL ACTION**
                                                                                     **NO. 3:10CV-P440-C**

**CLARK TAYLOR, WARDEN**
**RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Dante Craig, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. His petition came before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the court directed Craig to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations.

**I.**

On February 15, 1995, following a plea of guilty, Craig was sentenced to thirty years' imprisonment for murder and wanton endangerment. Craig did not file a direct appeal. His petition indicates that he filed a state habeas corpus petition with the Oldham County Circuit Court on July 3, 2008, which was denied. Craig appealed the denial. On March 30, 2009, the Kentucky Supreme Court denied relief.

In his response to the court's show cause order, Craig states the court

should apply equitable tolling to salvage his habeas petition because:

> [T]he Jefferson Circuit Court did not have jurisdiction over him at the time of sentencing, Petitioner's sentenced [sic] was never finalized and Petitioner did not have a PSI at the time of sentencing. All of these issues show extraordinary circumstances and as soon as Petitioner realized his situation he filed a habeas corpus in Oldham County Circuit immediately on the date of 7/3/08 and has been pursuing his rights diligently from that point on.

## II.

Because Craig's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Because Craig's conviction became final prior to April 24, 1996, the one-year limitations period established by § 2244(d) extends from the effective date of the Act, which is April 24, 1996; the period is not measured from the date that the conviction became final. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Thus, Craig had until April 24, 1997, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Craig did not file his petition by April 1997, nor did he have any time-tolling collateral action pending during that time period.

Craig filed a collateral attack challenging his conviction in state court in July 2008. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of

limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments"; it "reduces the potential for delay on the road to finality[.]" (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

By the time Craig finally sought post-conviction relief from the Oldham Circuit Court in 2008, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this court appears time-barred and subject to summary dismissal.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida,* --U.S.--, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Craig's petition does not make a showing

as to either element.

He broadly alleges diligence, but he does not provide any concrete examples to explain why it took him over a decade to pursue his rights.  Furthermore, the lack of a PSI at the time of sentencing is far from an "extraordinary circumstance."

Craig's § 2254 petition must be dismissed as barred by the applicable one-year statute of limitations.

In the event that Craig appeals this court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

### III.

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.* at 484.  In

5

such a case, no appeal is warranted. *Id.*

No jurists of reason could find this court's procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The court will enter a separate order that is consistent with this memorandum opinion.

The clerk of court is **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the petitioner.

Signed on  October 26, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**